UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                        Case No. 22-CR-181

CLIFTON ROBINSON,

        Defendant.

---

## ORDER DENYING MOTION TO APPOINT COUNSEL, DENYING MOTION FOR SENTENCE REDUCTION, AND DENYING MOTIONS TO SEAL

---

        Clifton Robinson pled guilty to Possession of a Firearm and/or Ammunition in violation of 18 U.S.C. § 922(g)(1) and 924(a)(8). On April 10, 2023, the Court imposed a below Guideline sentence of 78 months in the custody of the Bureau of Prisons, concurrent with the state court sentence Robinson was then serving for violation of his extended supervision for a prior state conviction. On May 16, 2024, Robinson filed a motion to reduce his sentence pursuant to Amendment 821 of the Sentencing Guidelines and for appointment of counsel. Robinson claims in his motion that he is entitled to a two-point reduction in his criminal history score, resulting in a criminal history category III instead of IV as the Court calculated at the time of his sentence. As a result, he notes that his Guideline range would now be 70 to 87 months, instead of the 84 to 105 months range calculated at the time his sentence was imposed. Although Robinson has correctly calculated the Guideline range under Amendment 821, the Court concludes that he is not entitled to relief.

        Robinson asks that counsel be appointed to assist him in obtaining a sentence reduction. He notes that he is "a layperson in the law and untrained and unskilled." Dkt. No. 26 at 1. But as Federal Defender Services noted in their letter to Robinson, "[t]here is no automatic right to a lawyer in these kinds of cases, so you would first have to file a *pro se* motion. The statute you

would use to file a motion for a sentence reduction is 18 U.S.C. 3582(c)(2)." Dkt. No. 26-1 at 2. In fact, "[o]nce the direct appeal is over, however, the Constitution no longer requires the government to ensure that the defendant has a lawyer." *United States v Blake*, 986 F.3d 756, 758 (7th Cir. 2021). "District judges have discretion to recruit and sometimes appoint counsel for prisoners seeking post judgment benefits, *see United States v. Guerrero*, 946 F.3d 983, 985 (7th Cir. 2020), but prisoners do not have a constitutional or statutory entitlement to appointed counsel. *Id*. While this Court may have discretion to appoint counsel, the facts of this case do not present the type of difficult or complex issues that would require appointment of counsel. The motion to appoint counsel is **DENIED**.

At the time he was sentenced by the Court, Robinson had two prior convictions for armed robbery. One occurred in 2006 and the other in 2012. In 2022, he absconded from the extended supervision that followed his second armed robbery conviction. He was also facing charges for delivery of heroin in Winnebago County. Revised Presentence Investigation Report (PIR), Dkt. No. 19, ¶¶ 36, 37, 42. This led to warrants being issued for his arrest. On September 13, 2022, Robinson was arrested outside of a U-Haul storage facility. Although he attempted to flee, he was quickly caught and a search of his person uncovered a user manual for a Century Arms WASR-10 Rifle. Officers searched the car he had driven to the U-Haul facility and uncovered the WASR-10 Rifle corresponding to the manual in his pocket, a High-Point 9mm pistol, and two large capacity magazines for the rifle. Based upon his prior felony convictions, Robinson's possession of these weapons was unlawful. PIR ¶¶ 11–18.

Notwithstanding the Guideline range calculated by the Court as between 84-105 months, the Court imposed a sentence of 78 months concurrent with the state sentence imposed following the revocation of his supervision. In imposing the sentence, the Court considered the Guidelines but more specifically and directly considered the nature and circumstances of the offense and the

history and characteristics of the defendant as 18 U.S.C. § 3553(a) requires. The Court concluded that, notwithstanding the greater range recommended by the Guidelines, a 78-month sentence concurrent with his state revocation time was sufficient but not greater than necessary to provide just punishment, provide reasonable deterrence and protect the public from further crimes of the defendant. In other words, the sentence imposed by the Court was not tied to the Guidelines and the amendments thereto do not warrant a reduction.

Further, the Court notes that by ordering Robinson's sentence to run concurrent with his undischarged term of imprisonment resulting from the revocation of his supervision, the Court, in essence, gave Robinson the benefit of the reduced Guideline range. U.S. Sentencing Guideline Application Note 4(C) to Section 5G1.3 of the Sentencing Guidelines states the Commission's recommendation that the sentencing court order the sentence it imposes be served consecutive to sentences imposed for revocation of supervision on underlying convictions where the offense is committed while on supervision. Having given the defendant the benefit of a concurrent sentence, Robinson is not entitled to a further reduction. Accordingly, his motion to reduce his sentence is **DENIED**.

The Government's motion to seal [29] and amended motion to seal [30] are also denied. As the Seventh Circuit has reminded district judges in many cases "what happens in the halls of government is presumptively public business." *Union Oil Co. v Leavell*, 220 F.3d 562, 568 (7th Cir. 2007). This is especially true in criminal proceedings: ". . . open criminal proceedings give assurances of fairness to both the public and the accused . . ." *Press-Enterprise Co. v Superior Court for Riverside County*, 478 U.S. 1, 9 (1986). The presumption of openness can be overcome by a showing of overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. *Globe Newspaper Co. v Superior Court*, 457 U.S. 596, 606–07 (1982). However, this is not the case. The defendant's previous criminal history

3

has been recited both in publicly filed documents (Defendant's Sentencing Memorandum, Dkt. No. 21 at 4) and in open court at the sentencing hearing. The Government's response simply sets forth its opposition to the defense motion. The Court concludes that no good cause has been shown to justify filing the document under seal and the motion and amended motion are **DENIED**. The Clerk is therefore directed to unseal and detach and e-file Dkt. No. 29-1 as a publicly filed document.

    **SO ORDERED** at Green Bay, Wisconsin this   11th   day of July, 2024.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge